UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-24125

FRANCISCO ALFONSO,

    Plaintiff,

vs.

ATLAS PAPER MILLS, LLC,

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, Francisco Alfonso, sues Defendant, Atlas Paper Mills, LLC, based on the following good cause:

### *PARTIES, JURISDICTION, AND VENUE*

1. **Plaintiff, Francisco Alfonso**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly non-exempt employee of the Defendant, as the term "employee" is defined by 29 U.S.C § 203 (e) who consents to participate in this lawsuit.

2. **Defendant, Atlas Paper Mills, LLC,** is a *sui juris* Foreign Limited Liability Company that maintains an office in Miami-Dade County and regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant was Plaintiff's FLSA employer for Plaintiff's respective period of employment ("the relevant time period"). The Defendant ran the day-to-day operations for the relevant time period, was responsible for paying Plaintiff's wages for the relevant time period, controlled Plaintiff's work and schedule, and was therefore Plaintiff's "employer" as defined by 29 U.S.C 203 (d).

3. Defendant employed Plaintiff.

4. This Court has jurisdiction over Plaintiff's FLSA Claims.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, because the corporate Defendant maintains an office in this District, and because most if not all of the operational decisions affecting Plaintiff's employment were made in this District, while Plaintiff worked in Miami-Dade County, where payment was to be received.

### *Background Facts*

6. Plaintiff worked for Defendant as a Paper Mill Mechanic, from on or about March 1993, through on or about August 12, 2019.

7. From approximately October 8, 2016, through on or about August 12, 2019, Defendant required that plaintiff work at the employer's place of business, including working many hours from home while off the clock.

8. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, and of the times he worked each work day, such records are in the exclusive custody of Defendant.

9. Plaintiff was a Paper Mill Mechanic and his duties included operating, maintaining, and repairing yankee dryers, amongst other machinery for the Defendant's tissue paper producing business.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies.

11. Both the Defendant's business and the Plaintiff's work affects interstate commerce for the relevant time period.

12. Plaintiff's work for the Defendant affected interstate commerce for the relevant time period because the materials and goods used by both the Plaintiff and Defendant were produced outside of the country, that plaintiff used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same.

13. Plaintiff's work for the Defendant was actually in and/or closely related to the movement of commerce while Plaintiff worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

14. Additionally, Defendant regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, such as medical equipment, computers, printers and fact and copy machines, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

15. Upon information and belief, the Defendant had gross sales or business done in excess of $500,000 annually for the years 2016, 2017, and 2018.

16. Upon information and belief, the Defendant's gross sales or business is expected to exceed $500,000 for the year 2019.

17. From approximately October 8, 2016, through August 12, 2019, Defendant agreed to pay Plaintiff at an hourly rate of around $22.00 per hour.

18. Between the period of on or about October 8, 2016, through on or about March 31, 2019, Plaintiff was "on-call" (but off-the-clock) for one week out of the Month, where he would

receive phone calls and text messages from employees of the Defendant asking the Plaintiff for his assistance in repairing broken down machinery at Defendant's place of business.

19. While on-call between the period of October 8, 2016, through on or about March 31, 2019, Plaintiff worked 12 hours of overtime (ie., 12 hours in excess of 40 hours) each workweek.

20. Between the period of October 8, 2016, through on or about March 31, 2019, Plaintiff worked 12 hours of overtime each workweek in which he was only paid for 4 hours, but at his regular hourly rate of $22.00, instead his overtime hourly rate of $33.00.

21. Therefore, from the period of October 8, 2016, through on or about March 31, 2019, while he was "on-call" once a week every month, Plaintiff is owed for 12 hours of overtime worked, comprised of 8 hours at his overtime rate, plus 4 hours at a rate equal to the difference of what he was paid ($22/hr) and what he should have been paid ($33/hr), which is $11/hr.

22. Moreover, between the period of on or about October 8, 2016, through on or about March 31, 2019, Plaintiff worked three weeks out of every month while not "on-call" (off-the-clock), where he would receive phone calls and text messages from employees of the Defendant asking the Plaintiff for his assistance in repairing broken down machinery at Defendant's place of business.

23. During this period, Plaintiff worked 12 hours of overtime (ie., 12 hours in excess of 40 hours) each workweek, which he was never compensated for.

24. Therefore, from the period of October 8, 2016, through on or about March 31, 2019, while he was not "on-call" three weeks of every month, Plaintiff is owed for 12 hours of overtime worked each of the three weeks of every month, comprised of 12 hours at his overtime rate ($33/hr).

25. So, from the period of October 8, 2016, through on or about March 31, 2019, Plaintiff is owed for 1,548 hours of overtime worked, comprised of 1,161 hours at his overtime hourly rate of $33.00, and for 387 hours worked at $11.00 per hour.

26. Moreover, between the period of on or about June 1, 2019, through on or about August 12, 2019, Plaintiff worked every week while "on-call" (off-the-clock), where he would receive phone calls and text messages from employees of the Defendant asking the Plaintiff for his assistance in repairing broken down machinery at Defendant's place of business.

27. Between the period of June 1, 2019, through on or about August 12, Plaintiff worked 19 hours of overtime each workweek in which he was only paid for 5 hours, but at his regular hourly rate of $22.00, instead his overtime hourly rate of $33.00.

28. Therefore, from the period of June 1, 2019, through on or about August 12, while he was "on-call" every week, Plaintiff is owed for 19 hours of overtime worked, comprised of 15 hours at his overtime rate, plus 4 hours at a rate equal to the difference of what he was paid ($22/hr) and what he should have been paid ($33/hr), which is $11/hr.

29. So, from the period of June 1, 2019, through on or about August 12, Plaintiff is owed for 190 hours of overtime worked, comprised of 150 hours at his overtime hourly rate of $33.00, and for 40 hours worked at $11.00 per hour.

30. In total, Plaintiff is owed for 1,738 hours of overtime worked, comprised of 1,311 hours at his overtime hourly rate of $33.00 per hour, and 427 hours worked at $11.00 per hour.

31. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

32. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I. FLSA OVERTIME WAGE VIOLATION

Plaintiff reincorporates and re-alleges paragraphs 1-32 set forth fully herein and further alleges as follows:

33. Plaintiff claims he is owed for 1,738 hours of overtime wages worked within the relevant time period as required by the Fair Labor Standards Act.

34. Plaintiff alleges he notified Defendant on various occasions about the discrepancy, but Defendant refused to pay him.

35. Defendant willfully and intentionally refused to pay Plaintiff overtime wages for each of the overtime hours worked from approximately October 8, 2016, through August 12, 2019, as required by the Fair Labor Standards Act.

36. Defendant either recklessly failed to investigate whether their failure to pay Plaintiff overtime wages for hours worked from approximately October 8, 2016, through August 12, 2019, violated the Fair Labor Standards Act, they intentionally misled Plaintiff to believe that Defendant were not required to pay Plaintiff overtime wages for hours worked from approximately October 8, 2016, through August 12, 2019, and/or Defendant concocted a scheme pursuant to which they deprived Plaintiff overtime wage pay earned from approximately October 8, 2016, through August 12, 2019.

37. Plaintiff is entitled to a back pay award of at least the applicable overtime wage for all hours worked from approximately October 8, 2016, through August 12, 2019, plus an equal amount as a penalty, plus attorneys' fees and costs.

WHEREFORE, Plaintiff, Francisco Alfonso, demands the entry of judgment in his favor and against the Defendant, Allan Industries, Inc., after trial by jury and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C § 216(b);

b. That Plaintiff recover prejudgment interest if he is not awarded liquidated damages;

c. That Plaintiff recover an award of reasonable attorney fees, costs, and expenses pursuant to the FLSA;

d. That Defendant be ordered to make Plaintiff whole by providing appropriate overtime wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e. That Plaintiff recover all interest allowed by law; and

f. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated this 7th day of October, 2019.

Respectfully submitted,

By: */s/ Gadiel A. Espinoza, Esq.*
Gadiel A. Espinoza, Esq.
Florida Bar No. 121831

**PEREGONZA LAW GROUP, PLLC**
1414 NW 107th Ave, Suite 302
Doral, FL 33172
Tel.    (786) 650-0202
Fax.    (786) 650-0200
Email: gadiel@PereGonza.com
Email: office@peregonza.com
Attorneys for Plaintiff